UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAN FANG CUI, an individual, )<br>)<br>　　　　　　Plaintiff, )<br>vs. )<br>)<br>NATIONAL DEFAULT SERVICING )<br>CORPORATION, an Arizona corporation; )<br>GREEN TREE SERVICING LLC, a Delaware )<br>limited liability company; and DOES 1-10, and )<br>ROES 1-10, inclusive, )<br>)<br>　　　　　　Defendants. ) | Case No.: 2:15-cv-00387-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, or in the Alternative, For Summary Judgment (ECF No. 7) filed by Defendant Green Tree Servicing, LLC ("Green Tree"). Plaintiff Lan Fang Cui ("Plaintiff") filed a Response (ECF No. 11), and Green Tree filed a Reply (ECF No. 15).

I.　**BACKGROUND**

The present action arises from the attempted foreclosure sale of real property located at 3534 White Mountain St., Las Vegas, NV 89147 (the "Property"). (*See* Compl., ECF No. 1-2). On October 21, 2005, Juan Rodriquez and Catalina Gonzalez purchased the Property. (Grant, Bargain, Sale Deed, ECF No. 8-1).[1]  A Deed of Trust was recorded on February 27, 2007, wherein Juan Rodriquez and Catalina Gonzalez were stated as the borrowers, Countrywide Home Loans, Inc. ("Countrywide") was stated as the lender, Fidelity National Title Insurance

---

[1] The Court takes judicial notice of Exhibits A–K (ECF Nos. 8-1–8-11) of Green Tree's Request for Judicial Notice (ECF No. 8). *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Each of these documents is publicly recorded in the Clark County Recorder's office.

was stated as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was stated as the nominee for the beneficiary. (2007 Deed of Trust, ECF No. 8-2).  On March 5, 2010, BAC Home Loans Servicing, LP f/k/a Countrywide ("BAC") was assigned all beneficial interest in the 2007 Deed of Trust. (Corp. Assignment of Deed of Trust, ECF No. 8-3).  Then, on May 11, 2011, MERS transferred any and all beneficial interest in the Property to BAC. (2011 Assignment of Deed of Trust, ECF No. 8-4).

Green Tree obtained BAC's interest in the Property on May 17, 2013. (2013 Assignment of Deed of Trust, ECF No. 8-5).  On December 18, 2013, the bankruptcy trustee for the estate of Juan Rodriguez and Catalina Gonzalez executed a Bankruptcy Trustee's Quitclaim Deed, whereby title to the Property was transferred to Argo NV, LLC. (Bankruptcy Trustee's Quitclaim Deed, ECF No. 8-6).  Plaintiff obtained title to the Property pursuant to a Quitclaim Deed on March 4, 2014. (Quitclaim Deed, ECF No. 8-7).

On May 12, 2014, Defendant National Default Servicing Corporation ("NDSC") was substituted as trustee under the 2007 Deed of Trust. (Substitution of Trustee, ECF No. 8-8). Subsequently, on October 15, 2014, a Notice of Default and Election to Sell was recorded against the Property. (Notice of Default and Election to Sell, ECF No. 8-9).  Furthermore, on January 15, 2015, a Certificate from the Nevada Foreclosure Mediation Program was recorded. (Mediation Certificate, ECF No, 8-10).  Finally, on February 10, 2015, a Notice of Trustee's Sale was recorded, which set a sale date of the Property on March 3, 2015. (Notice of Trustee's Sale, ECF No. 8-11).

On February 12, 2015, Plaintiff filed a Complaint in state court, alleging that Defendants NDSC and Green Tree violated NRS 107.080[2] by failing to provide Plaintiff notice of the Notice of Default and Election to Sell and the Notice of Trustee's Sale. (Compl. ¶¶ 7–11).

---

[2] All citations to NRS § 107.080 in this Order pertain to a prior version that was effective October 1, 2013 to May 31, 2015.

Specifically, Plaintiff's Complaint asserts the following causes of action: (1) Declaratory Relief; (2) Unjust Enrichment; and (3) Violations of NRS 107.080(3) and (4)(a). (*Id.* ¶¶ 12–26). On February 23, 2015, the state court granted Plaintiff's Ex Parte Application for Temporary Restraining Order, which prevented the Trustee's Sale scheduled for March 3, 2015 from taking place. (TRO, ECF No. 1-6).

Green Tree removed the action to this Court on March 4, 2015. (*See* Pet. Removal, ECF No. 1). Shortly thereafter, Green Tree filed the instant Motion to Dismiss, or in the Alternative, For Summary Judgment.

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a

complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.     DISCUSSION

**A. Judicial Notice and Admissibility**

As an initial matter, the Court will determine the judicial noticeability and/or admissibility of the remaining document attached to Green Tree's Request for Judicial Notice—NDSC's Affidavit of Mailing and Posting.  While the Court has judicially noticed several documents in Green Tree's accompanying Request for Judicial Notice, Green Tree substantially relies upon NDSC's Affidavit of Mailing and Posting.  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the

pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Generally courts within this circuit have taken judicial notice of affidavits of mailing when these affidavits were matters of public record. See *Huerta v. Ocwen Loan Servicing, LLC*, No. C 09–05822, slip op., 2010 WL 2485936, at *2 (N.D. Cal. June 16, 2010) (affidavit was recorded in the official records of Josephine County, Oregon); see also *Chancey v. Washington Mut. Assetbacked Certificates*, No. CV 10–3007–CL, 2010 WL 3001178, at *1 (D. Or. July 27, 2010) (affidavit was publically recorded in county where property described in deed of trust was located).

Here, Green Tree offers no evidence that NDSC's Affidavit of Mailing and Posting was publically recorded. Thus, the Court may not take judicial notice of NDSC's Affidavit of Mailing and Posting because it is not a matter of public record. However, the Court will further analyze whether NDSC's Affidavit of Mailing and Posting is admissible for purposes of summary judgment.

The Ninth Circuit Court of appeals has held that unauthenticated documents cannot be considered in a motion for summary judgment, as authentication is a "condition precedent to admissibility." *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir 2002). Proper foundation may be established through any manner permitted by Federal Rule of Evidence 901(b) or 902. *Id.* at 774. Exhibit M to Green Tree's Request for Judicial Notice purports to be "[a] true and correct copy of NDSC's Affidavit of Mailing and Posting." (ECF No. 8). However, NDSC's Affidavit of Mailing and Posting is not accompanied by evidence sufficient to support a finding that the document is what Green Tree claims it is. Although it is accompanied by the claim in the Request that it is "a true and correct copy," this assertion is inadequate for at least two reasons. First, the statement is contained within an unverified motion, not an affidavit or other sworn document. *See Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) ("It is

not enough that [the attorney] characterizes the testimony as a 'true and correct copy.'"). Second, Chelsea A. Crowton, the signer of the Request, has not established that she has knowledge sufficient to affirm the contents of NDSC's Affidavit of Mailing and Posting. Thus, because NDSC's Affidavit of Mailing and Posting is not authenticated or is established to be self-authenticating, it is not admissible and will not be considered by this Court on summary judgment. Accordingly, because the Court has judicially noticed the remainder of the documents in Green Tree's Request for Judicial Notice, the Court will analyze the instant Motion under the motion to dismiss standard.

### B. Notice of Lis Pendens

Green Tree asserts that Plaintiff cannot maintain the claims in the Complaint because, pursuant to NRS 107.080(5)(c), Plaintiff failed to record a notice of lis pendens within fifteen days after filing the Complaint. (Mot. Dismiss 7:10–8:4, ECF No. 7). NRS 107.080(5) provides as follows:

> 5. Every sale made under the provisions of this section and other sections of this chapter vests in the purchaser the title of the grantor and any successors in interest without equity or right of redemption. A sale made pursuant to this section must be declared void by any court of competent jurisdiction in the county where the sale took place if:
> (a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087;
> (b) Except as otherwise provided in subsection 6, an action is commenced in the county where the sale took place within 45 days after the date of the sale; and
> (c) A notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 15 days after commencement of the action.

However, because Plaintiff is not attempting to void a sale made pursuant to this section, Plaintiff is not required to comply with NRS 107.080(5)(c). *Compare* NRS 107.080(5) *with* NRS 107.080(7).

### C. Violations of NRS 107.080(3) and (4)(a)

Next, Green Tree asserts that it met the statutory requirements of NRS 107.080(3) and 4(a) by mailing the required notices to Plaintiff, publicly posting the notices, and posting the notices on the front door of the Property at each stage. (Mot. Dismiss 9:4–5). NRS 107.080(3) provides as follows:

> 3. The 15- or 35-day period provided in paragraph (a) of subsection 2, or the period provided in paragraph (b) of subsection 2, commences on the first day following the day upon which the notice of default and election to sell is recorded in the office of the county recorder of the county in which the property is located and **a copy of the notice of default and election to sell is mailed by registered or certified mail, return receipt requested** and with postage prepaid to the grantor or, to the person who holds the title of record on the date the notice of default and election to sell is recorded, and, if the property is operated as a facility licensed under chapter 449 of NRS, to the State Board of Health, at their respective addresses, if known, otherwise to the address of the trust property. The notice of default and election to sell must:
> 
> (a) Describe the deficiency in performance or payment and may contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust, but acceleration must not occur if the deficiency in performance or payment is made good and any costs, fees and expenses incident to the preparation or recordation of the notice and incident to the making good of the deficiency in performance or payment are paid within the time specified in subsection 2;
> 
> (b) If the property is subject to the requirements of NRS 107.400 to 107.560, inclusive, contain the declaration required by subsection 6 of NRS 107.510;
> 
> (c) If, pursuant to NRS 107.130, an election has been made to use the expedited procedure for the exercise of the power of sale with respect to abandoned residential property, include the affidavit and certification required by subsection 6 of NRS 107.130; and

      (d) If the property is a residential foreclosure, comply with the provisions of NRS 107.087.

NRS 107.080(3) (emphasis added).  Moreover, NRS 107.080(4)(a) provides as follows:

> 4. The trustee, or other person authorized to make the sale under the terms of the trust deed or transfer in trust, shall, after expiration of the applicable period specified in paragraph (d) of subsection 2 following the recording of the notice of breach and election to sell, and before the making of the sale, give notice of the time and place thereof by recording the notice of sale and by:
>
>   (a) Providing the notice to each trustor, any other person entitled to notice pursuant to this section and, if the property is operated as a facility licensed under chapter 449 of NRS, the State Board of Health, by personal service or **by mailing the notice by registered or certified mail** to the last known address of the trustor and any other person entitled to such notice pursuant to this section;

NRS 107.080(4)(a) (emphasis added).

    Plaintiff alleges that she was never provided the required foreclosure notices pursuant to NRS 107.080(3) and 4(a). (Compl. ¶ 25).  While Green Tree attempts to establish that it complied with these statutory requirements of notice, it does so by solely relying upon NDSC's Affidavit of Mailing and Posting.  Because the Court will not consider this document and Green Tree has not attacked the sufficiency of Plaintiff's pleadings, the Court denies Green Tree's Motion to Dismiss as to these claims.  Even still, had the Court considered NDSC's Affidavit of Mailing and Posting, the document fails to establish that the Notice of Default and Election to Sell was mailed with return receipt requested as required by NRS 107.080(3).

    **D. Unjust Enrichment**

    Lastly, Green Tree asserts that Plaintiff's claim of unjust enrichment fails to state a claim because Defendants have not been unjustly enriched by Plaintiff's actions. (Mot. Dismiss 13:3–5).  However, this claim is not ripe.  Unless and until Green Tree forecloses and sells the Property, it has not "retain[ed] a benefit which in equity and good conscience belongs to another." *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) (quotation omitted).

Therefore, the Court dismisses this claim without prejudice to Plaintiff filing a lawsuit for any such claim if and when it becomes ripe.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Green Tree's Motion to Dismiss (ECF No. 7) is **GRANTED in part** and **DENIED in part**.  Accordingly, the Court dismisses Plaintiff's claim of unjust enrichment without prejudice.  Furthermore, the Court denies Green Tree's Motion as to Plaintiff's remaining claims.

**DATED** this __21__ day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge