**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAN FANG CUI, an individual, ) <br> ) <br>                Plaintiff, ) <br>    vs. ) <br> ) <br> NATIONAL DEFAULT SERVICING ) <br> CORPORATION, an Arizona corporation; ) <br> GREEN TREE SERVICING LLC, a Delaware ) <br> limited liability company; and DOES 1-10, and) <br> ROES 1-10, inclusive, ) <br> ) <br>                Defendants. ) | Case No.: 2:15-cv-00387-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 31) filed by Defendant Green Tree Servicing, LLC ("Green Tree"). Plaintiff Lan Fang Cui ("Plaintiff") filed a Response (ECF No. 33), and Green Tree filed a Reply (ECF No. 35).

**I.    BACKGROUND**

The present action arises from the attempted foreclosure sale of real property located at 3534 White Mountain St., Las Vegas, NV 89147 (the "Property"). (*See* Compl., ECF No. 1-2). On October 21, 2005, Juan Rodriquez and Catalina Gonzalez purchased the Property. (Grant, Bargain, Sale Deed, ECF No. 8-1).[1]  A Deed of Trust was recorded on February 27, 2007, wherein Juan Rodriquez and Catalina Gonzalez were stated as the borrowers, Countrywide Home Loans, Inc. ("Countrywide") was stated as the lender, Fidelity National Title Insurance was stated as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was

---

[1] The Court takes judicial notice of Exhibits A–K (ECF Nos. 8-1–8-11) of Green Tree's Request for Judicial Notice (ECF No. 8). *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Each of these documents is publicly recorded in the Clark County Recorder's office.

stated as the nominee for the beneficiary. (2007 Deed of Trust, ECF No. 8-2). On March 5, 2010, BAC Home Loans Servicing, LP f/k/a Countrywide ("BAC") was assigned all beneficial interest in the 2007 Deed of Trust. (Corp. Assignment of Deed of Trust, ECF No. 8-3). Then, on May 11, 2011, MERS transferred any and all beneficial interest in the Property to BAC. (2011 Assignment of Deed of Trust, ECF No. 8-4).

Green Tree obtained BAC's interest in the Property on May 17, 2013. (2013 Assignment of Deed of Trust, ECF No. 8-5). On December 18, 2013, the bankruptcy trustee for the estate of Juan Rodriguez and Catalina Gonzalez executed a Bankruptcy Trustee's Quitclaim Deed, whereby title to the Property was transferred to Argo NV, LLC. (Bankruptcy Trustee's Quitclaim Deed, ECF No. 8-6). Plaintiff obtained title to the Property pursuant to a Quitclaim Deed on March 4, 2014. (Quitclaim Deed, ECF No. 8-7).

On May 12, 2014, Defendant National Default Servicing Corporation ("NDSC") was substituted as trustee under the 2007 Deed of Trust. (Substitution of Trustee, ECF No. 8-8). Subsequently, on October 15, 2014, a Notice of Default and Election to Sell was recorded against the Property. (Notice of Default and Election to Sell, ECF No. 8-9). Furthermore, on January 15, 2015, a Certificate from the Nevada Foreclosure Mediation Program was recorded. (Mediation Certificate, ECF No, 8-10). Finally, on February 10, 2015, a Notice of Trustee's Sale was recorded, which set a sale date of the Property on March 3, 2015. (Notice of Trustee's Sale, ECF No. 8-11).

On February 12, 2015, Plaintiff filed a Complaint in state court, alleging that Defendants NDSC and Green Tree violated NRS 107.080[2] by failing to provide Plaintiff notice of the Notice of Default and Election to Sell and the Notice of Trustee's Sale. (Compl. ¶¶ 7–11). Specifically, Plaintiff's Complaint asserts the following causes of action: (1) Declaratory

---

[2] All citations to NRS § 107.080 in this Order pertain to a prior version that was effective October 1, 2013 to May 31, 2015.

Relief; (2) Unjust Enrichment; and (3) Violations of NRS 107.080(3) and (4)(a). (*Id.* ¶¶ 12–26). On February 23, 2015, the state court granted Plaintiff's Ex Parte Application for Temporary Restraining Order, which prevented the Trustee's Sale scheduled for March 3, 2015 from taking place. (TRO, ECF No. 1-6).

On October 21, 2015, the Court granted in part and denied in part Green Tree's Motion to Dismiss (ECF No. 7). (*See* Order, ECF No. 23). Specifically, the Court dismissed Plaintiff's claim of unjust enrichment without prejudice and denied Green Tree's Motion as to Plaintiff's remaining claims. (*Id.* 9:4–7).

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing

the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn

in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.    DISCUSSION

Green Tree asserts that it met the statutory requirements of NRS 107.080(3) and 4(a) by mailing the required notices to Plaintiff by certified mail with return receipt requested. (Mot. Summ. J. 7:4–8:13, ECF No. 31).  NRS 107.080(3) provides as follows:

> 3. The 15- or 35-day period provided in paragraph (a) of subsection 2, or the period provided in paragraph (b) of subsection 2, commences on the first day following the day upon which the notice of default and election to sell is recorded in the office of the county recorder of the county in which the property is located and **a copy of the notice of default and election to sell is mailed by registered or certified mail, return receipt requested** and with postage prepaid to the grantor or, to the person who holds the title of record on the date the notice of default and election to sell is recorded, and, if the property is operated as a facility licensed under chapter 449 of NRS, to the State Board of Health, at their respective addresses, if known, otherwise to the address of the trust property.  The notice of default and election to sell must:
> 
> (a) Describe the deficiency in performance or payment and may contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust, but acceleration must not occur if the deficiency in performance or payment is made good and any costs, fees and expenses incident to the preparation or recordation of the notice and incident to the making good of the deficiency in performance or payment are paid within the time specified in subsection 2;
> 
> (b) If the property is subject to the requirements of NRS 107.400 to 107.560, inclusive, contain the declaration required by subsection 6 of NRS 107.510;
> 
> (c) If, pursuant to NRS 107.130, an election has been made to use the expedited procedure for the exercise of the power of sale with respect to abandoned residential property, include the affidavit and certification required by subsection 6 of NRS 107.130; and
> 
> (d) If the property is a residential foreclosure, comply with the provisions of NRS 107.087.

NRS 107.080(3) (emphasis added).  Moreover, NRS 107.080(4)(a) provides as follows:

> 4. The trustee, or other person authorized to make the sale under the terms of the trust deed or transfer in trust, shall, after expiration of the applicable period specified in paragraph (d) of subsection 2 following the recording of the notice of breach and election to sell, and before the making of the sale, give notice of the time and place thereof by recording the notice of sale and by:
>
> (a) Providing the notice to each trustor, any other person entitled to notice pursuant to this section and, if the property is operated as a facility licensed under chapter 449 of NRS, the State Board of Health, by personal service or **by mailing the notice by registered or certified mail** to the last known address of the trustor and any other person entitled to such notice pursuant to this section;

NRS 107.080(4)(a) (emphasis added).

In its prior Motion to Dismiss, Green Tree attempted to establish that it complied with these statutory requirements of notice by solely relying upon NDSC's Affidavit of Mailing and Posting, which the Court did not consider because it was unauthenticated. (Order 5:15–6:8, ECF No. 23). Even still, the Court held that had it "considered NDSC's Affidavit of Mailing and Posting, the document fails to establish that the Notice of Default and Election to Sell was mailed with return receipt requested as required by NRS 107.080(3)." (*Id.* 8:18–20).

In the instant motion, Green Tree provides the same documents previously attached to NDSC's unauthenticated Affidavit of Mailing and Posting. (Exs. A–J to Todd Aff., ECF Nos. 32-1–32-18). However, Green Tree now provides a self-serving affidavit of NDSC's President, Olivia Todd, to authenticate the attached documents. (Todd Aff., ECF No. 32). In the affidavit, Todd declares that "NDSC mailed a copy of the Notice of Default and Enrollment/Waiver of Mediation Form by certified mail return receipt requested to" Plaintiff. (*Id.* ¶¶ 4, 7, 10, 13, 16).

The fact that an affidavit is self-serving is not a reason to disregard it on summary judgment. *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007). Generally, the fact that an affidavit is self-serving "bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact." *Id.* (quoting *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999)). However, a "conclusory, self-serving affidavit, lacking detailed

facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *Nilsson v. City of Mesa*, 503 F.3d 947, 952 n. 2 (9th Cir. 2007) (quotation omitted).

As the Court previously held, the documents attached to Todd's affidavit fail to establish that the Notice of Default and Election to Sell was mailed *with return receipt requested* as required by NRS 107.080(3).  Therefore, Green Tree appears to solely rely upon Todd's declaration in her self-serving affidavit to establish that the notices were mailed with return receipt requested.  Without supporting evidence, Todd's self-serving affidavit is insufficient to establish that no genuine issue of material fact exists as to whether the Notice of Default and Election to Sell was mailed with return receipt requested.  Accordingly, the Court finds that Green Tree has failed to meet its burden to establish that no genuine issue of material fact exists as to whether the Notice of Default and Election to Sell was mailed with return receipt requested as required by NRS 107.080(3) and summary judgment must be denied.

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Green Tree's Motion for Summary Judgment (ECF No. 31) is **DENIED**.

**DATED** this __30__ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge