# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LAN FANG CUI, an individual,  )
                              )
        Plaintiff,  )   Case No.: 2:15-cv-00387-GMN-GWF
  vs.  )
                              )   **ORDER**
NATIONAL DEFAULT SERVICING  )
CORPORATION, an Arizona corporation;  )
GREEN TREE SERVICING LLC, a Delaware )
limited liability company; and DOES 1-10, and)
ROES 1-10, inclusive,  )
                              )
        Defendants.  )
                              )

Pending before the Court is the Motion for Summary Judgment, (ECF No. 48), filed by Defendant Green Tree Servicing, LLC ("Green Tree"). Plaintiff Lan Fang Cui ("Plaintiff") filed a Response, (ECF No. 55), and Green Tree filed a Reply, (ECF No. 56). For the reasons discussed below, Green Tree's Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND**

The present action arises from the attempted foreclosure sale of real property located at 3534 White Mountain St., Las Vegas, NV 89147 (the "Property"). (*See* Compl., ECF No. 1-2). On October 21, 2005, Juan Rodriquez ("Rodrgiuez") and Catalina Gonzalez ("Gonzalez") purchased the Property. (Grant, Bargain, Sale Deed, ECF No. 8-1).[1] A Deed of Trust was recorded on February 27, 2007, wherein Rodriquez and Gonzalez were stated as the borrowers, Countrywide Home Loans, Inc. ("Countrywide") was stated as the lender, Fidelity National

---

[1] The Court takes judicial notice of Exhibits A–K (ECF Nos. 8-1–8-11) of Green Tree's Request for Judicial Notice (ECF No. 8). *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Each of these documents is publicly recorded in the Clark County Recorder's office.

Title Insurance was stated as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was stated as the nominee for the beneficiary. (2007 Deed of Trust, ECF No. 8-2). On March 5, 2010, BAC Home Loans Servicing, LP f/k/a Countrywide ("BAC") was assigned all beneficial interest in the 2007 Deed of Trust. (Corp. Assignment of Deed of Trust, ECF No. 8-3). Then, on May 11, 2011, MERS transferred any and all beneficial interest in the Property to BAC. (2011 Assignment of Deed of Trust, ECF No. 8-4).

Green Tree obtained BAC's interest in the Property on May 17, 2013. (2013 Assignment of Deed of Trust, ECF No. 8-5). On December 18, 2013, the bankruptcy trustee for the estate of Rodriguez and Gonzalez executed a Bankruptcy Trustee's Quitclaim Deed, whereby title to the Property was transferred to Argo NV, LLC. (Bankruptcy Trustee's Quitclaim Deed, ECF No. 8-6). Plaintiff obtained title to the Property pursuant to a Quitclaim Deed on March 4, 2014. (Quitclaim Deed, ECF No. 8-7).

On May 12, 2014, Defendant National Default Servicing Corporation ("NDSC") was substituted as trustee under the 2007 Deed of Trust. (Substitution of Trustee, ECF No. 8-8). Subsequently, on October 15, 2014, a Notice of Default and Election to Sell was recorded against the Property. (Notice of Default and Election to Sell, ECF No. 8-9). Furthermore, on January 15, 2015, a Certificate from the Nevada Foreclosure Mediation Program was recorded. (Mediation Certificate, ECF No, 8-10). Finally, on February 10, 2015, a Notice of Trustee's Sale was recorded, which set a sale date of the Property on March 3, 2015. (Notice of Trustee's Sale, ECF No. 8-11).

On February 12, 2015, Plaintiff filed the Complaint in state court, alleging that Defendants NDSC and Green Tree violated NRS 107.080[2] by failing to provide Plaintiff notice of the Notice of Default and Election to Sell and the Notice of Trustee's Sale. (Compl. ¶¶ 7–11,

---

[2] All citations to NRS § 107.080 in this Order pertain to a prior version that was effective October 1, 2013 to May 31, 2015.

Ex. 2 to Pet. for Removal, ECF No. 1-2). Specifically, Plaintiff's Complaint asserts the following causes of action: (1) Declaratory Relief; (2) Unjust Enrichment; and (3) Violations of NRS 107.080(3) and (4)(a). (*Id.* ¶¶ 12–26). On February 23, 2015, the state court granted Plaintiff's Ex Parte Application for Temporary Restraining Order, which prevented the Trustee's Sale scheduled for March 3, 2015 from taking place. (TRO, ECF No. 1-6). On March 4, 2015, Green Tree removed the case to this Court. (*See* Pet. for Removal, ECF No. 1).

On October 21, 2015, the Court granted in part and denied in part Green Tree's Motion to Dismiss, (ECF No. 7). (*See* Order, ECF No. 23). Specifically, the Court dismissed Plaintiff's claim of unjust enrichment without prejudice and denied Green Tree's Motion as to Plaintiff's remaining claims. (*Id.* 9:4–7). Plaintiff's first cause of action for declaratory relief and third cause of action for a violation of NRS 107.080 survived. (*See* Compl. ¶¶ 12–26).

On May 2, 2016, the Court denied Green Tree's first Motion for Summary Judgment because the evidence Green Tree provided was insufficient to establish that no genuine issue of material fact existed as to whether the Notice of Default and Election to Sell were mailed with return receipt requested. (Order 7:7–9, ECF No. 36). In the instant Motion, Green Tree purports to have rectified the issue by providing such evidence. (Mot. for Summ. J. ("MSJ") 6:20–13:15, ECF No. 48).

## II.    **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if

reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. <u>DISCUSSION</u>

Green Tree asserts for a second time that it met the statutory requirements of Nevada Revised Statute ("NRS") §§ 107.080(3) and 4(a) by mailing the required notices to Plaintiff by certified mail with return receipt requested. (MSJ 3:4–6). NRS § 107.080(3) provides in relevant part that " . . . a copy of the notice of default and election to sell is mailed by registered or certified mail, return receipt requested and with postage prepaid to the grantor or, to the person who holds the title of record on the date the notice of default and election to sell is recorded." NRS § 107.080(3). Moreover, NRS § 107.080(4)(a) provides as follows:

> 4. The trustee, or other person authorized to make the sale under the terms of the trust deed or transfer in trust, shall, after expiration of the applicable period specified in paragraph (d) of subsection 2 following the recording of the notice of breach and election to sell, and before the making of the sale, give notice of the time and place thereof by recording the notice of sale and by:
>
> (a) Providing the notice to each trustor, any other person entitled to notice pursuant to this section and, if the property is operated as a facility licensed under chapter 449 of NRS, the State Board of Health, by personal service or **by mailing the notice by registered or certified mail** to the last known address of the trustor and any other person entitled to such notice pursuant to this section;

NRS § 107.080(4)(a) (emphasis added).

In its prior Motion for Summary Judgment, the Court held that Green Tree provided "a self-serving affidavit of NDSC's President, Olivia Todd, to authenticate the attached documents." (Order, 6:18–19, ECF No. 36); (Todd Aff., ECF No. 32). In the affidavit, Olivia Todd ("Todd") declared that "NDSC mailed a copy of the Notice of Default and Enrollment/Waiver of Mediation Form by certified mail return receipt requested to" Plaintiff. (Todd Aff. ¶¶ 4, 7, 10, 13, 16). The Court held that "the documents attached to Todd's affidavit fail to establish that the Notice of Default and Election to Sell was mailed *with return receipt requested* as required by NRS 107.080(3)," and the Court found that "Green Tree has failed to meet its burden to establish that no genuine issue of material fact exists as to whether the Notice of Default and Election to Sell was mailed with return receipt requested as required by NRS 107.080(3) and summary judgment must be denied." (Order 7:3–12).

Presently, Green Tree asserts that it has now met its burden by providing both a declaration from a different NDSC employee, Sabrina Price ("Price"), and an electronic return receipt letter for each of the Notices of Default (the "Notices") that were sent on October 23, 2014. (MSJ 8:1–18). In her Declaration, Price states that she is "employed as a Litigation Representative at NDSC," and pursuant to her position, she is "authorized to verify NDSC's records, loan histories, correspondences, servicing agreements, Power of Attorneys necessary to effectuate recordings of foreclosure documents, management of records, filing of Notices of Default and foreclosure documents, and communication histories." (Price Decl. ¶ 1, ECF No. 49).

Additionally, Price states that she "requested an electronic return receipt with respect to the Notice of Default and Enrollment/Waiver of Mediation Form" mailed to each location. (*Id.* ¶¶ 22–49). The electronic return receipts are attached as Exhibits S–FF. (*See* ECF Nos. 49-19–49-32). These return receipts not only show that the Notices were sent via certified mail, but

also show that in Green Tree receiving the receipts, the Notices were sent with return receipt requested. (*Id.*). In light of this additional evidence considered along with the USPS tracking sheets, the Court finds that Green Tree sufficiently executed what is required by NRS § 107.080(3). (*See generally* ECF No. 49); *see also Riehm v. Countrywide Home Loans, Inc.*, 2012 WL 3686798, at *3 (D. Nev. Aug. 27, 2012) ("Though plaintiffs contend that they did not receive the notices, Nevada law requires only that a trustee send the notices by registered or certified mail, not that a trustee personally serve a plaintiff or that plaintiff receives actual notice.").

In her Response, Plaintiff contends that not only did she fail to receive the Notices, but also that they are further defective because "they do not provide the recipient of the notice with a description of the deficiency in performance or payment, or with an opportunity to cure any alleged default." (Resp. 9:13–15). However, Plaintiff not once mentions this issue in her Complaint, and the Court cannot now consider new arguments that Plaintiff failed to previously raise. *See Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 n.5 (9th Cir. 1987) (holding that the Ninth Circuit could not consider a claim raised only in a response to the defendant's motion for summary judgment, but never as a cause of action). Because Plaintiff alleged a violation of NRS § 107.080 because she did not receive the Notice of Default and Election to Sell, (Compl. ¶¶ 21–26), and because Green Tree provided evidence that it did not violate NRS § 107.080 by properly mailing the Notices, the Court grants Green Tree's Motion for Summary Judgment on Plaintiff's remaining third cause of action.[3]

---

[3] Plaintiff's first cause of action is for declaratory relief, (Compl. ¶¶ 12–15), and declaratory relief is not an independent cause of action, but a remedy. *See Contreras v. Master Fin., Inc.*, 2011 WL 32513, *4 (D. Nev. Jan.4, 2011) (finding that claims for injunctive or declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not a separate causes of action). Accordingly, the Court's granting of summary judgment on Plaintiff's third cause of action resolves the case in its entirety.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Green Tree's Motion for Summary Judgment (ECF No. 31) is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this __12__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge